IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EAGLE OIL & GAS CO. et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 7:12-cv-00133-O |
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA et al., | § § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion of Defendant GW Sones Petroleum Consulting, LLC ("Sones") for Summary Judgment, filed February 8, 2013 (ECF No. 39).[1] Having considered the motion, response, reply, pleadings, supplemental briefing, evidence, record and applicable law, the Court **grants** Sones' motion.

I.

This is an insurance coverage dispute between Defendant Travelers Property Casualty Company of America ("Travelers"), and its insured, Plaintiff Eagle Oil and Gas Company ("Eagle Oil"), arising from Traveler's denial of claim coverage following the September 2011 blowout of an oil and gas well. *See generally* Pls.' 3d Am. Compl. (ECF No. 68).[2] Plaintiffs filed this case in the

---

[1] On May 21, 2013, upon Plaintiffs' request, the Court converted Sones' motion to dismiss into a motion for summary judgment. *See* Order (ECF No. 67).

[2] Eagle Oil carried Control of Well Policy No. VI04200283 with Defendant Travelers. Pl. 3d Am. Compl. ¶ 14. The remaining Plaintiffs (with the exception of Wolverine Gas and Oil Corporation ("Wolverine")), are non-operators under the Joint Operating Agreements with ownership interests in the

30th Judicial District Court of Wichita County, Texas, asserting claims for alleged violations of Chapter 541 of the Texas Insurance Code, and pursuant to Section 17.50(a)(4) of the Texas Business and Commerce Code ("DTPA"), for violations of the Texas DTPA against Travelers and St. Paul (collectively, "Defendants"), and also against Sones, an engineering consultant hired by Defendants. Defendants subsequently removed the case to this Court based on diversity of citizenship asserting that Sones, a non-diverse party, was improperly joined, and therefore should be disregarded in determining diversity of citizenship. Plaintiffs sought remand on the basis that Sones was properly joined in this suit.

On January 29, 2013, this Court denied Plaintiffs' motion for remand, agreeing with Defendants that Sones had been improperly joined. *See* Jan. 29. 2013 Hearing Transcript at p. 7:4-7 (ECF No. 41) ("Transcript"). In issuing its ruling, the Court held as follows:

> I have reviewed the plaintiff's Motion to Remand. It appears to me that the plaintiff's case against G.W. Sones Petroleum, LLC is based on the Texas Insurance Code and its tie-in provisions of the DTPA. Plaintiffs allege that Sones was a person engaged in the business of insurance and committed misrepresentation prohibited by the Texas Insurance Code and DTPA. The Texas Insurance Code provides for liability against any person who commits wrongdoing while engaged in the business of insurance. An insurance adjuster is a person engaged in the business of insurance. Section 4101.001 defines an adjuster as one who investigates losses on behalf of an insurer as an independent contractor or an employee of an independent contractor. However, Section 4101.002 provides that a person employed to only furnish technical assistance to a licensed adjuster, including an engineer, is exempt from this definition.
>
> * * *
>
> [T]he defendants contend that Sones is an engineer and that the status exempts him from the plaintiffs' claims [under Section 4101.002]. Plaintiffs argue that it is not a person's status as an engineer that exempts him from liability; it is, however, the characterization of the task he actually performs.

---

well, and are additional insureds under the Travelers Policy. *Id.* ¶¶ 12, 14, ECF No. 68. Wolverine carried a policy with Defendant St. Paul Surplus Lines Insurance Company ("St. Paul").

> In this case, there is no evidence that Sones participated in any way in the sale or servicing of plaintiff's insurance policy, made any representations to plaintiffs regarding coverage available under the policy or adjusted plaintiff's insurance claims. Instead, the uncontroverted evidence establishes that Sones provided an opinion about the well's failure, a service that does not constitute engaging in the business of insurance for purposes of a claim under the Texas Insurance Code. He did not read the insurance policy, he did not discuss it with anyone, and during meetings he would disclose his technical evaluation and leave the meeting once the technical discussion ended.
>
> * * *
>
> After reviewing the relevant cases and the statute, I conclude that Texas decided that those who perform technical services as an engineer are exempt from liability. . . And based upon the information presented in these pleadings and the evidence presented, I find that Sones only provided engineering services. That the insurance company used his evaluation to deny this claim does not mean he adjusted the claim.
>
> Based on the foregoing, I conclude that there is no reasonable basis to predict that the plaintiff could recover against Sones on its Texas Insurance Code claim. Therefore, the Motion to Remand is denied.

Transcript at pp. 3-7.[3] In reaching its decision, the Court found controlling the Texas Court of Appeals decision in *Dagley v. Haag Eng'g Co.*, 18 S.W.3d 787, 793 (Tex. App.—Houston [14th Dist.] 2000, no pet.). *See* Transcript at p. 5:22-25 ("I agree that *Dagley* properly sets out the law as it relates to this issue and that it accurately forecasts how the Texas Supreme Court will decide this

---

[3]The Texas Legislature enacted Chapter 541 of the Texas Insurance Code "to regulate trade practices in the business of insurance" by prohibiting "unfair methods of competition or unfair or deceptive acts or practices." Tex. Ins. Code. Ann. § 541.001. In Texas, a "person may not engage . . . in a trade practice that is defined in [Chapter 541] as or determined under [Chapter 541] to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." *Id.* § 541.003. Subchapter B defines "unfair methods of competition and unfair or deceptive acts or practices." *See id.* §§ 541.051–.061. A "person" for purpose of Chapter 541 is "an individual, corporation, association, partnership, . . . or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor." *Id.* § 541.002(2). Accordingly, for Sones to qualify as a "person" and be subject to suit under Chapter 541 of the Texas Insurance Code, Sones must be "engaged in the business of insurance." *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

issue."). In *Dagley*, the court held that an engineering firm (Haag) hired by State Farm Fire and Casualty and State Farm Lloyd's to assist in their investigation and handling of claims following a hail storm was not in the "business of insurance" with respect to consumer actions under the Texas Insurance Code and DTPA. *Dagley*, 18 S.W.3d at 793. Noting that a statutory cause of action by a consumer lies only against those in "the business of insurance," the court barred the lawsuit against Haag based on the nature of the work done by Haag, and the work not done by Haag – it performed no claims adjustment, it did not sell or service policies, nor did it make any representations regarding coverage. *Id.* For these reasons, the court concluded the engineering firm was not in the "business of insurance." *See id.*

II.

At the time the Court denied Plaintiffs' motion to remand, finding that Plaintiffs' allegations and evidence were insufficient to allow a reasonable basis for Sones' liability under Texas law, that Sones was not a proper party to the lawsuit, and that the Court had diversity jurisdiction, the Court was within its right to dismiss Sones as a party. *See, e.g., Hardy v. Ducote*, 246 F. Supp. 2d 509, 515-16 (W.D. La. 2003) (dismissing non-diverse defendants upon finding that they had been improperly joined); *Mahon v. Aegon Direct Marketing Services, Inc.*, 2005 WL 1249486, at *1 (N.D. Tex. May 25, 2005) (Boyle, J.) (dismissal of non-diverse defendant required once court finds improper joinder); *see also Rogers v. American Heritage Life Ins.*, 2004 WL 1531819, at *6 (N.D. Tex. July 7, 2004) (Fish, J.) (denying motion to remand and granting motion to dismiss upon finding improper joinder of non-diverse defendant).

In this case, rather than outright dismissal of the improperly joined defendant, the Court granted Plaintiffs' motion to convert Sones' motion to dismiss into a motion for summary judgment

and allowed Plaintiffs time to receive responses to their propounded interrogatories and requests for production, as well as time to depose Paul Zatopek, Dale Reed, and David Rohan, who are adjusters for Travelers and BC Johnson and Associates. *See* Br. Supp. Pls.' Resp. Mot. Dismiss & Pls.' Alternative Mot. Convert Mot. Dismiss to Mot. Summ. J. (ECF No. 51); Order, May 21, 2013 (ECF No. 67).

The Court has considered the evidence submitted by Plaintiffs in opposition to Sones' motion for summary judgment, as well as the parties' legal briefs and applicable law.[4] The Court concludes that Plaintiffs have failed to raise a genuine issue of material fact for trial that Sones was a "person" "engaged in the business of insurance." *See* Tex. Ins. Code § 541.002(2). Among other things, Plaintiffs have submitted the deposition transcripts of the Traveler's in-house adjusters assigned to the claim (Paul Zatopek and Dale Reed) and the outside adjuster (David Rohan from BC Johnson and Associates). *See* Appendix to Pl. Brief in Resp. to Sones Converted Mot. for Summ. Judg. (ECF No. 79-1 through 79-3). Plaintiffs have not uncovered any material facts not previously set forth when the Court issued its prior ruling denying Plaintiffs' motion to remand. *See generally* Deposition Testimony outlined in footnotes 17, 19, 20, 21 and 24 of Pl. Brief in Resp. to Sones Converted Mot. for Summ. Judg. (ECF 78). The deposition testimony of the adjusters makes it clear that they did not understand the technical engineering aspects of what happened at the well, and they did not

---

[4] In considering the evidence, the Court has applied the summary judgment standard under Fed. R. Civ. P. 56(a), which provides that summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250, 255 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c); *Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988).

understand what was required to properly operate a well—that is why they needed to hire Sones. *See id.*

As previously stated by the Court, "[t]hat the insurance company used [Sones] evaluation to deny this claim does not mean [Sones] adjusted the claim." Transcript at p. 7:1-3. Much of Plaintiffs' brief in opposition to Sones' motion for summary judgment is spent on the argument that Sones is in the "business of insurance" because he assisted with the investigation upon which Travelers ultimately based its denial of coverage. *See* Pl. Brief in Resp. to Sones Converted Mot. for Summ. Judg. at 2 (ECF No. 78). The Court rejects Plaintiffs' invitation to re-litigate this issue.[5] Moreover, the Court agrees with Defendants, who argue as follows:

> Insurers routinely rely upon information from persons who are not in the business of insurance when making insurance coverage determinations – if that were all that were required to be sued under the Texas Insurance Code, every accident reconstruction expert asked to determine the cause of an accident, and every medical expert asked to determine the cause of an insured's death, would be hauled into court in Texas where an insurer considered his expert opinion in denying coverage. This would be an absurd result with no support in the text of the Texas Insurance Code, or the cases interpreting it.

Reply Brief in Supp. of Sones Mot. for Summ. Judg. at 4 (ECF No. 81).[6]

---

[5] The Court rejects Plaintiffs' argument that Sones' court testimony in another case involving a blowout means he has expertise in the business of insurance. *See* Pl. Brief in Resp. to Sones Converted Mot. for Summ. Judg. at 14 and n. 74(ECF No. 78). The Court has reviewed Sones' testimony and finds it irrelevant to this case.

[6] The Court also rejects Plaintiffs' unsupported argument that application of *Liberty Mutual v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998), would produce a different result in this case. *See* Pl. Brief in Resp. to Sones Converted Mot. for Summ. Judg. at 16-17 (ECF No. 78). In *Garrison*, the Texas Supreme Court determined that independent agents and brokers, as well as employees of insurance companies, are "persons" under the Texas Insurance Code. 966 S.W.2d at 485-86. The Court emphasized, however, that "not every employee of an insurance company is a 'person' under [the Insurance Code] subject to suit." *Id.* at 486. To come within the statute an employee must engage in the business of insurance. *Id.* According to the court, an employee who has no responsibility for the sale or servicing of insurance policies and no special insurance expertise, such as a clerical worker or janitor,

III.

Based on the Court's previous analysis in its decision denying Plaintiffs' motion to remand, *see* Transcript at pp. 3-8 (ECF No. 41), and on Plaintiffs' failure to raise a fact issue for trial, the Court **grants** Sones' Motion for Summary Judgment (ECF No. 39), and **dismisses** him from this case.

**SO ORDERED** on this **8th day** of **November, 2013.**

---

does not engage in the insurance business for purposes of Section 541 liability. *See id.* Unlike the evidence before this Court regarding Sones' responsibilities, in *Garrison*, the defendant personally carried out the transaction that formed the core of plaintiff's complaint, and testified that his job included soliciting and obtaining insurance policy sales and explaining policy terms to buyers, as well as explaining premium calculations to consumers. *Id.* Finding that some expertise in the field of insurance was necessary to carry out these responsibilities, the court concluded that defendant "was engaged in the business of insurance." *Id.*