IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **EAGLE OIL & GAS CO. et al.,** § § § | |
| Plaintiffs, § § | |
| v. § | Civil Action No. 7:12-cv-00133-O |
| § § | |
| **TRAVELERS PROPERTY CASUALTY** § **COMPANY OF AMERICA et al.,** § § | |
| Defendants. § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Travelers's Renewed Motion for Judgment as a Matter of Law and Reconsideration of Partial Summary Judgment Rulings and Brief in Support (ECF No. 313–14), filed September 17, 2014; Plaintiff's Response (ECF No. 318), filed October 17, 2014; and Travelers's Reply (ECF No. 320), filed October 31, 2014. Also before the Court are Travelers's Motion for New Trial or to Alter or Amend Judgment and Brief and Appendix in Support (ECF No. 315–17), filed September 17, 2014; Plaintiff's Response (ECF No. 319), filed October 17, 2014; and Travelers's Reply (ECF No. 321), filed October 31, 2014.

Having considered the motions, related briefing, prior rulings, trial proceedings, and applicable law, the Court finds that Travelers's motions should be and are hereby **DENIED**.

**I. BACKGROUND**

The Court assumes the parties' familiarity with the factual background of the case as set forth in the Court's prior Opinions. *See* Mem. Op. & Order 2–6, July 14, 2014, ECF No. 211. This is an

1

insurance coverage dispute between policyholder Plaintiffs and their insurer under a well-control policy following a September 22, 2011 well blowout in Reeves County, Texas. The lawsuit arises out of a claim under Control of Well Policy Number VI04200283 (the "policy") issued by Travelers Property Casualty Company of America ("Travelers") to Plaintiff Eagle Oil and Gas Company ("Eagle Oil"), the operator and a working-interest owner in the Monroe 39 #2H Well (the "Well"). Plaintiffs Eagle Wolfbone Energy Partners, LP and Eagle Oil and Gas Partners, LLC were non-operating working-interest owners in the Well and were additional insureds under the policy. Among other things, the policy provided protection to the insured against oil well blowouts, and reimbursement for costs and expenses reasonably incurred by the insured in bringing the Well under control. The policy also contained a due care and diligence clause requiring the insured to exercise due care and diligence in the conduct of all operations with respect to any insured well and to use all safety practices and equipment generally considered prudent for such operations.

On September 22, 2011, while Eagle Oil was attempting to open a stuck frac port sleeve by applying various levels of pressure, a 7-inch piece of casing ruptured downhole in the Well, causing the top casing joints and wellhead to be ejected into the air, and allowing a flow of gas and well fluids to the surface that could not be controlled. The parties dispute whether the 7-inch casing broke apart because Eagle Oil exceeded the maximum allowable casing pressure for this operation.

Plaintiff hired Wild Well Control to respond to the blowout. Wild Well Control performed clean-up and snubbing operations at the blowout site through October 2011. Plaintiffs plugged and abandoned the Well and ultimately redrilled the Monroe 39 #2R replacement well. Plaintiffs incurred costs and expenses (1) in attempting to regain control of the Well, including plugging and abandonment ("P&A") costs; (2) in redrilling a replacement well; (3) in cleaning up pollution

resulting from the blowout; and (4) in compensating for damaged oil field equipment owned by others. Plaintiffs gave proper notice and submitted their losses to Travelers for reimbursement under the policy.

On July 5, 2012, Travelers denied coverage stating, among other things, that Eagle Oil's engineering decision to exceed maximum safe fracturing pressure violated the due care and diligence clause in the policy. Following coverage denial, Plaintiffs sued Travelers for: (1) breach of contract for denial of claim coverage under the policy, (2) breach of the common law duty of good faith and fair dealing, (3) violations of sections 541 and 542 of the Texas Insurance Code, and (4) violations of section 17.46(b) of the Texas Deceptive Trade Practices Act ("DTPA") and resultant penalties. *See* 3d Am. Compl. ¶¶ 29(a)–31(b), ECF No. 68.

On April 14, 2014, Plaintiffs and Travelers each filed a motion for partial summary judgment. Among other things, Plaintiffs sought summary judgment on their breach of contract claims arising from Travelers's denial of coverage for P&A costs and costs to redrill the Monroe 39 #2R replacement well. Plaintiffs also sought a summary judgment ruling that the due care and diligence clause was a covenant made to Travelers to act in a certain manner while conducting well-related activities, rather than a condition precedent to coverage. Travelers sought partial summary judgment on Plaintiffs' extra-contractual claims and filed a cross-motion for summary judgment on the redrill claims. On July 14, 2014, the Court granted Plaintiffs' motion for partial summary judgment on the breach of contract claims based on Travelers's denial of coverage for costs of P&A and redrill, denied Travelers's cross-motion for summary judgment on the redrill claim, and granted

Travelers's motion for partial summary judgment on Plaintiffs' extra-contractual claims.[1] *See* Mem. Op. & Order, July 14, 2014, ECF No. 211. The Court also held that Travelers would have the burden of proving that Plaintiffs failed to exercise due care and diligence because the due care and due diligence clause was a covenant rather than a condition precedent to coverage. *See id.*

On July 18, 2014, Travelers filed a motion for reconsideration of the partial grant of summary judgment, arguing that the policy does not cover Plaintiffs' P&A and redrill claims. The Court re-evaluated Travelers's arguments on both grounds and denied the motion. Mem. Op. & Order, July 29, 2014, ECF No. 263.

A jury trial was held in this action on August 5-8, 2014. Before the jury verdict was entered, Travelers and Eagle Oil each filed motions for judgment as a matter of law, which were denied. *See* Pls.' Mot. J. Matter L., ECF No. 290; Def.'s Mot. J. Matter L., ECF No. 297. On August 8, 2014, the jury returned a verdict that Travelers did not "prove by a preponderance of the evidence that Eagle Oil failed to exercise due care and diligence in its well operations." Jury Verdict 6, ECF No. 299. Final judgment was entered on August 20, 2014. *See* Final J., ECF No. 307.

Travelers has renewed its motion for judgment as a matter of law and moves for reconsideration of the Court's partial summary judgment rulings. Travelers also moves for a new trial or, alternatively, to alter or amend judgment. The motions have been fully briefed and are ripe for determination.

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

---

[1] The Court dismissed with prejudice Plaintiffs' causes of action for breach of the common law duty of good faith and fair dealing, violations of section 541 of the Texas Insurance Code, and violations of section 17.46(b) of the Texas Deceptive Trade Practices Act, and request for punitive damages.

Under Federal Rule of Civil Procedure 54(b), a court may revise an interlocutory order "prior to the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *Martinez v. Bohls Equip. Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005). If final judgment has been entered, then a court will view the motion to reconsider as a motion to alter or amend judgment under Rule 59(e). *Id.*; *Century Prods. Co. v. Cosco, Inc.*, No. 3:00-CV-0800-BH, 2003 WL 251957, at *5 (N.D. Tex. Jan. 31, 2003). Generally, motions to reconsider must be filed within twenty-eight days after the entry of an order in order to fall under Rule 59(e). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). However, this deadline does not apply to the reconsideration of interlocutory orders. *Martinez*, 2005 WL 1712214, at *1. Instead, "[m]otions to reconsider interlocutory orders are left to the Court's discretion so long as not filed unreasonably late." *Id.*

      **B.**    **Motion to Alter or Amend Judgment**

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment within twenty-eight days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend a judgment are permitted in limited situations, primarily to correct "a manifest error of law or fact" or "to present newly discovered evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 344 (5th Cir. 2007). The motion is not a means for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). District court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Anderson v. Cain*, 402 B.R. 752, 755 (E.D. Tex. 2009) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)).

### C. Motion for Judgment as a Matter of Law

Rule 50 of the Federal Rules of Civil Procedure governs motions for judgment as a matter of law in jury trials. *See* Fed. R. Civ. P. 50; *see also Weisgram v. Marley Co.*, 528 U.S. 440, 448–49 (2000). Rule 50(a) "authorizes the entry of judgment as a matter of law '[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *See James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (quoting Fed. R. Civ. P. 50(a)). "It allows the trial court to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result.'" *Weisgram*, 528 U.S. at 448 (quoting 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2521 (2d ed. 1995)). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b).

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. at 150. "In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55 (1990)). "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inference from the facts are jury functions, not those of a judge.'" *Id.* at 150–51 (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)). "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

"A motion for judgment as a matter of law is appropriate if, after considering the evidence presented and viewing all reasonable inferences in the light most favorable to the nomovant, the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict." *Murray v. Red Kap Indus., Inc.*, 124 F.3d 695, 697 (5th Cir. 1997). "If there is substantial evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion," then judgment as a matter of law is not appropriate. *Id.* "We must remember, however, that evidence sufficient to support a jury verdict must be *substantial* evidence." *Guile v. United Sates*, 422 F.3d 221, 227 (5th Cir. 2005) (emphasis in original). "[T]he party opposing the motion must at least establish a conflict in substantial evidence on each essential element of [his] claim." *See Anthony v. Chevron USA, Inc.*, 284 F.3d 578, 583 (5th Cir. 2002) (citing *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc)). An inference that "would be 'mere speculation and conjecture' . . . is not sufficient to support a jury verdict." *Guile*, 422 F.3d at 226 (quoting *Anthony*, 284 F.3d at 583–84). "The 'standard of review with respect to a jury verdict is especially deferential.'" *Lubke v. City of Arlington*, 455 F.3d 489, 494 (5th Cir. 2006) (quoting *Brown v. Bryan Cnty.*, 219 F.3d 450, 456 (5th Cir. 2000)).

**D.     Motion for a New Trial**

Under Rule 59 of the Federal Rules of Civil Procedure, a new trial may be granted after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59 (a)(1)(A). While this rule does not enumerate specific grounds for granting a new trial, the Fifth Circuit has found that a new trial is appropriate where: (1) the verdict is against the weight of the evidence, (2) the amount of damages awarded is excessive, or

7

(3) the trial was unfair or marred by prejudicial error. *Seidman v. Am. Airlines, Inc.*, 923 F.2d 1134, 1140 (5th Cir. 1991). "The trial court in passing on a motion for a new trial need not take the view of the evidence most favorable to the verdict winner, but may weigh the evidence." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982). However, a judge may not order a new trial "simply because he disagrees with the jury verdict." *Id.* "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Del Rio Distrib., Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979).

### III. ANALYSIS

The Court will first address Travelers's motions to reconsider the partial summary judgment rulings. Next, the Court will turn to Travelers's motion for a new trial and alternative motion to alter or amend. Finally, the Court will consider Travelers's motion for judgment as a matter of law.

#### A. Motion to Reconsider Partial Summary Judgment Rulings

Because the Court has twice previously considered and rejected Travelers's summary judgment arguments, the Court declines to reconsider them here.

The Court first considered Travelers's arguments on July 14, 2014, when the Court issued its partial summary judgment rulings. *See* Mem. Op. & Order, July 14, 2014, ECF No. 211. Four days later, Travelers filed its first motion to reconsider the partial summary judgment rulings. *See* Def.'s Mot. Recons., ECF No. 241. The Court then reevaluated Travelers's redrill and P&A arguments under Rule 54(b), and, finding no manifest errors, the Court denied the motion on July 29, 2014. *See* Mem. Op. & Order, July 29, 2014, ECF No. 263.

Now, Travelers has filed a second motion to reconsider the partial summary judgment rulings, repeating substantially the same arguments regarding redrill and P&A as in the prior motion for reconsideration. *See* Def.'s Mot. J. Matter Law, ECF No. 297. Travelers also repeats its summary judgment argument that the due diligence clause is a condition, rather than an exclusion, in the parties' contract. *Id.* Because Travelers filed its second motion to reconsider after final judgement was entered, the motion to reconsider will be viewed instead as a motion to alter or amend judgment under Rule 59(e). *See* Final J. Order, Aug. 20, 2014, ECF No. 307; *Martinez*, 2005 WL 1712214, at *1. However, "[t]he Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment [or order]." *Martinez*, 2005 WL 1712214, at *1 n.2 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2810.1 (2d ed. 1995)). Travelers presents no reason why it did not include its due diligence clause argument in its first motion for reconsideration, and its current argument merely repeats the due diligence argument set forth in Travelers's original motion for summary judgment. Likewise, Travelers impermissibly attempts to relitigate its redrill and P&A summary judgment arguments for a third time in this motion. Therefore, Travelers's motion to reconsider the Court's prior partial summary judgment rulings is **DENIED**.

B.    **Motion for a New Trial**

Travelers moves for a new trial on several grounds. Travelers argues that (1) the jury's verdict is against the great weight of the evidence; (2) the Court's rulings regarding expert testimony resulted in prejudicial error; (3) the exclusion of relevant evidence resulted in prejudicial error; (4) Eagle Oil's improper jury argument encouraged the jury to decide the case on an improper basis; and

(5) the Court's summary judgment rulings were erroneous as a matter of law. The Court will address each ground in turn.

1. Verdict Against the Great Weight of the Evidence

"A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Wellogix, Inc. v. Accenture, LLP*, 716 F.3d 867, 881 (5th Cir. 2013) (quoting *Dotson v. Clark Equip. Co.,* 805 F.2d 1225, 1227 (5th Cir. 1986)). "The 'great weight of the evidence standard is not easily met." *Shows*, 671 F.2d at 931. Deference to the jury is especially important in cases in which the issues are simple, the evidence is in dispute, and there is an absence of any "pernicious or undesirable occurrence at trial." *Id.* "When all three factors are present, our deference to the jury is reinforced by our confidence in its ability to understand the issues, to evaluate credibility and sort through conflicting testimony, and to act reasonably and fairly in the absence of prejudicial influences." *Id.* "Indeed the more sharply the evidence conflicts, the more reluctant the judge should be to substitute his judgment for that of the jury." *Carroll v. Jaques*, 927 F. Supp. 216, 223 (E.D. Tex. 1996) (quoting 11 Charles A. Wright & Arthur R. Miller § 2806 (1995)). Here, although the issues are not particularly simple, there is a sharp conflict between opposing sides and an absence of prejudicial occurrences at trial. *See Spurlin v. Gen. Motors Corp.*, 528 F.2d 612, 620–21 (5th Cir. 1976) (holding that juries are often called upon to decipher potentially confusing technical testimony and are often able to fully "comprehend and assess the basic safety and technological feasibility issues"). Thus, the jury's verdict should not be set aside lightly.

Travelers argues that the "great weight of the evidence is against the jury's verdict that Eagle Oil acted as a reasonable, prudent operator." Def.'s Mot. New Trial 1, ECF No. 315. However,

10

Travelers's formulation misstates the burden of proof at trial. At trial, Travelers was required to prove by a preponderance of the evidence that Eagle Oil violated the due diligence clause. *See* Jury Verdict 2, ECF No. 299. Thus, in order to succeed on a motion for a new trial, Travelers must demonstrate that the jury's verdict that Travelers failed to meet its burden is against the great weight of the evidence.

In support of its motion, Travelers argues that "Eagle submitted no competent and admissible evidence regarding the standard of care and whether Eagle complied with that standard" and that "the evidence at trial established that Eagle violated the accepted industry custom and practice." Def.'s Mot. New Trial 1, ECF No. 315. Travelers argues that Eagle Oil violated industry custom by (1) "exceeding 90% of the published burst rating of the casing when pressurizing the well"; (2) "exceeding its own maximum safe treating pressure set at 85% of the published burst without conducting any testing"; and (3) "failing to comply with the express terms of the Texas Railroad Commission (TRRC) permit during the first plug and abandonment process when it did not squeeze cement outside of the casing and did not use the volume of cement required." *Id.* at 1–2.

The Court finds that the jury's decision was supported with significant evidence in the record and is not against the great weight of the evidence.

Regarding Travelers' first argument, the jury heard from Eagle Oil's witnesses Darrell Lohoefer ("Lohoefer"), Lance Taylor, Joshua Whitlock, and Pete Heiser that "net pressure" is the relevant measure of pressure on casing, rather than Travelers's 90% rule. Pl.'s Resp. Mot. New Trial 3–6, ECF No. 319; *see, e.g.*, Trial Tr. Vol. 4, 30:17–34:15, Aug. 8, 2014, ECF No. 325. Eagle Oil's expert Dr. John Slater ("Slater") testified that the high collapse pipe could withstand greater pressures than the standard casing. Trial Tr. Vol. 3, 68:19–69:18, Aug. 7, 2014, ECF No. 324. The

11

jury also heard from Eagle Oil's expert Ed Ziegler ("Ziegler") who testified that Eagle's peak pressure was approximately 19% below the yield capacity of the standard casing. Trial Tr. Vol. 4, 28:3–19, Aug. 8, 2014, ECF No. 325. Considering the totality of the evidence, it is reasonable for the jury to find that the net pressure standard was a prudent standard to use and that Eagle Oil acted reasonably.

Regarding Travelers' second argument, the jury heard evidence concerning the analysis expected before surging the Well. Eagle Oil argued that Lohoefer's mental calculations to determine whether the pressure could be increased inside the casing were reasonable under the circumstances and consistent with his prior experience. Pl.'s Resp. Mot. New Trial 7–8, ECF No. 319. The parties submitted conflicting evidence about whether Eagle should have run a caliper log on the Well and whether drilling through the casing necessitated further studies. *Id.* at 8; *see, e.g.*, Trial Tr. Vol. 4, 38:20–23, 52:25–53:9, Aug. 8, 2014, ECF No. 325. The Court finds that the evidence on this issue is conflicting, and the jury's verdict does not run against the great weight of the evidence.

Regarding Travelers' third argument, the Court finds that there was sufficient evidence from which a jury could find that Eagle Oil exercised "due diligence" during the plugging and abandonment process, and the verdict does not run against the great weight of the evidence. Celeste Dale testified that although the first plugging and abandonment process did not follow the D-8 plan set by the TRRC, under some circumstances changes must be made to the original plan. Trial Tr. Vol. 3, 8:18–11:22, Aug. 7, 2014, ECF No. 324. Lohoefer testified that Eagle Oil faced challenges during the first plugging operation and the choices Eagle Oil made under the circumstances were reasonable. *See, e.g.*, Trial Tr. Vol. 2, 119:10–121:23, 130:5–134:7, 185:21–186:16, ECF No. 323.

In sum, because the jury's verdict is not against the great weight of the evidence, the Court will not disrupt it.

### 2. Admissibility of Expert Testimony

"In rulings on the admissibility of expert opinion evidence the trial court has broad discretion and its rulings must be sustained unless manifestly erroneous." *Wellogix*, 716 F.3d at 881 (quoting *Viterbo v. Dow Chem. Co.*, 826 F. 2d 420 (5th Cir. 1987)). The trial court is also in the best position "to determine the necessity and cumulative effect of testimony by several experts rulings," and its rulings on such matters are granted deference. *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 410 (5th Cir. 1989).

Travelers argues that the Court's rulings on expert testimony unfairly prejudiced Travelers. Def.'s Br. Supp. Mot. New Trial 16, ECF No. 316. Travelers first challenges some of the Court's rulings on expert testimony detailed in the Court's Memorandum Opinion and Order issued on July 30, 2014. *See* Mem. Op. & Order, July 30, 2014, ECF No. 265. However, in its motion, Travelers does not present any new information regarding trial proceedings to call into question the Court's prior decision regarding the qualifications of Slater and Ziegler to testify as experts. *See id.* at 16–20. The Court affirms its prior findings that they were each qualified. *See id.*

Travelers next argues that the Court improperly allowed Lohoefer to testify as an expert at trial and such testimony was cumulative of other testimony. However, the Court acted within its discretion to permit Lohoefer to testify as a hybrid fact and expert witness, in accordance with the witness's original designation. *See Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998) (citing *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971)). The Court further finds that Lohoefer, Slater, and Ziegler testified regarding their different areas of expertise or

13

different focuses. *See* Mem. Op. & Order 16–20, July 30, 2014, ECF No. 265. Thus, the testimony was not cumulative. *See Leefe*, 876 F.2d at 410.

Finally, Travelers argues that the Court improperly excluded Greg Sones's ("Sones") expert testimony and limited his fact testimony. *See* Def.'s Br. Supp. Mot. New Trial 24, ECF No. 316. The Court fully evaluated Travelers's arguments in its prior Memorandum Opinion and Order. *See* Mem. Op. & Order 11–16, July 30, 2014, ECF No. 265. Travelers's primary new argument is that the admission of Lohoefer during trial was inconsistent with prohibiting Sones from testifying as an expert. *See* Def.'s Br. Supp. Mot. New Trial 24, ECF No. 316. However, unlike Lohoefer, Sones was a retained expert and not a hybrid expert, and Sones's expert testimony was excluded largely because he failed to submit a full expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B). *See id.* at 13–16; *Beane v. Util. Trailer Mfg. Co.*, No. 2:10-CV-781, 2013 WL 1344763, at *3 (W.D. La. Feb. 25, 2013). Further, the Court found that Sones's testimony would have been cumulative of Hanson's. *Id.* at 16.

In sum, Travelers has not met its burden of establishing that the Court's rulings on expert testimony were manifestly erroneous.

### 3. Exclusion of Relevant Evidence

"Any error in the admission or exclusion of evidence 'should not be the basis for setting aside the judgment' unless 'the substantial rights of the parties were affected.'" *PACT XPP Technologies, AG v. Xilinx, Inc.*, No. 2:07-CV-563-RSP, 2013 WL 4574267, at *1 (E.D. Tex. Aug. 27, 2013) (quoting *EEOC v. Manville Sales Corp.*, 27 F.3d 1089, 1093 (5th Cir. 1994)). The Fifth Circuit Court of Appeals "will not reverse a district court's evidentiary rulings unless they are erroneous and

substantial prejudice results. The burden of proving substantial prejudice lies with the party asserting error." *Wellogix*, 716 F.3d at 882 (quoting *FDIC v. Mijalis*, 1314, 15 F.3d 1318–19 (5th Cir. 1994)).

Travelers argues that relevant evidence was erroneously excluded, causing substantial prejudice. Travelers first contends that the Court erred in excluding evidence of amended Railroad Commission Rule 3.13. Def.'s Br. Supp. Mot. New Trial 32–33, ECF No. 316. Although the Court permitted Travelers to admit other evidence relating to industry standards at the time of the blowout, the Court excluded evidence of this specific Rule because the Rule was not adopted until January 1, 2014, several years after the blowout occurred. *See* Mem. Op. & Order 11, July 30, 2014, ECF No. 265. The Court found that "the potential prejudice and jury confusion of allowing this testimony would outweigh any probative value" about standards at the time of the blowout. *See id.*; Fed. R. Evid. 403. "A trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion." *Wellogix*, 716 F.3d at 882 (quoting *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981)). Travelers has not demonstrated that excluding this evidence was erroneous, let alone a clear abuse of discretion.

Travelers next argues that the Court improperly excluded evidence of the working-interest owner comments and opinions about Eagle Oil's operations and compliance with industry standards. Def.'s Br. Supp. Mot. New Trial 34–36, ECF No. 316. Eagle Oil responds that the working-interest owners are neither experts nor do they have first hand knowledge of relevant facts. Pls.' Br. Resp. Mot. New Trial 20–21, ECF No. 319. The excluded email communications were merely "immediately-after-the-fact speculations" suggesting possible causes of the casing failure. *Id.* at 21. The Court declined to admit this evidence, finding that the opinions and suggestions lacked sufficient

15

factual support. Travelers has not demonstrated that excluding this evidence under Rule 403 was erroneous or a clear abuse of discretion.

          4.      <u>Improper Jury Argument</u>

When a closing argument is challenged, a court is to review "the entire argument . . . within the context of the court's rulings on objections, the jury charge, and any corrective measures applied by the trial court." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 731 (5th Cir. 2011) (quoting *Westbrook v. General Tire and Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985)). The jury charge may cure alleged improprieties in the argument. *Id.*

First, Travelers argues that counsel's statement that the jury is "here to judge Travelers" improperly confused the jury about the burden. *See* Def.'s Br. Supp. Mot. New Trial 36–37, ECF No. 316. However, because Travelers did have the burden of proof to establish that Eagle Oil did not fulfill the due diligence clause, the Court finds this argument to be without merit. *See* Mem. Op. & Order 20, July 14, 2014, ECF No. 211; *supra* Part III.A.

Next, Travelers argues that counsel's statement that the jury should place itself "in the insured's shoes" improperly invoked the "Golden Rule." *See* Def.'s Br. Supp. Mot. New Trial 36–37, ECF No. 316. Asking members of the jury to "put themselves in the shoes of the plaintiff and do unto him as they would have done unto them under similar circumstances . . . [is] improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than the evidence." *Brown v. Parker Drilling Offshore Corp.*, 410 F.3d 166, 180 (5th Cir. 2005) (quoting *Ivy v. Sec. Barge Lines, Inc.*, 585 F.2d 732, 741 (5th Cir. 1978)). There is some question in this Circuit about whether invoking the Golden Rule is improper only when considering damages and not when deciding the issue of ultimate liability. *See Stokes v. Delcambre*, 710 F.2d

1120, 1128 (5th Cir. 1983); *Hymel v. UNC Inc.*, 68 F.3d 467 (5th Cir. 1995). Nevertheless, even when a party improperly invokes the Golden Rule, "a new trial is warranted only if the opposing party shows that it was sufficiently prejudiced considering all the facts and circumstances of the case." *Brown*, 410 F.3d at 180. Travelers has not demonstrated that it was sufficiently prejudiced by the argument here. *See* Def.'s Br. Supp. Mot. New Trial 36–37, ECF No. 316. Similarly, Travelers's argument that Eagle Oil improperly pitted the community against a non-resident corporation also fails because Travelers has not made any demonstration of prejudice showing that the errors justify the issuance of a new trial. *See id.*

In sum, to the extent Eagle Oil's closing argument presented improper jury arguments, Travelers has not demonstrated that any such errors necessitate a new trial.

5. Summary Judgment Arguments

Because the Court has twice previously considered and rejected Travelers's summary judgment arguments, the Court declines to reconsider them here. *See supra* Part III.A.

Overall, Travelers has not demonstrated that the verdict is against the great weight of the evidence nor has Travelers demonstrated prejudicial error. Therefore, Travelers's motion for a new trial is **DENIED**.

**C. Alternative Motion to Alter or Amend**

In its motion for a new trial, Travelers moved in the alternative to alter or amend judgment. As there are no manifest errors of law or fact and no newly discovered evidence, the motion to alter and amend is **DENIED**. *See Turner*, 476 F.3d at 344; *supra* Part III.A.

**D. Judgment as a Matter of Law**

Travelers argues that it is entitled to judgment as a matter of law because the evidence is insufficient to establish a breach of contract by Travelers and because the Court's summary judgment rulings were erroneous as a matter of law. Travelers's challenge to the summary judgment rulings is not a proper challenge under Federal Rule of Civil Procedure 50 because the rule is only applicable when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50. The Court's summary judgment rulings were not presented to the jury, and thus challenges to the rulings are more properly brought as a motion to reconsider under Rule 59(e). In Part III.A., *supra*, the Court declined to reconsider the summary judgment rulings for a third time. Therefore, the Court will only consider Travelers's argument that the evidence is insufficient to support the verdict.

Here, the jury found that Travelers did not meet its burden of proving that Eagle Oil failed to act as a reasonably prudent operator. Judgement as a matter of law may only be granted if, "after considering the evidence presented and viewing all reasonable inferences in the light most favorable to the nomovant, the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict." *Murray*, 124 F.3d at 697. "If there is substantial evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion," then judgment as a matter of law is not appropriate. *Id.*

Similar to Travelers's argument in its motion for a new trial, Travelers argues that it presented the only competent evidence of a standard of care, and the evidence conclusively establishes that Eagle Oil failed to comply with the due diligence clause. *See* Def.'s Mot. J. Matter Law 1–2, ECF No. 297. The standard for judgement as a matter of law is more demanding than the

standard for a new trial. *Shows*, 671 F.2d at 930. Because Travelers has not demonstrated that the verdict was against the great weight of the evidence, it cannot demonstrate that a rational jury could not arrive at the verdict that it did. *See supra* Part III.B. Accordingly, Travelers's motion for judgment as a matter of law is **DENIED**.

## IV. CONCLUSION

Based on the forgoing, the Court **DENIES** Travelers's Renewed Motion for Judgment as a Matter of Law and Motion for Reconsideration of the Court's Partial Summary Judgment Rulings (ECF No. 313). The Court also **DENIES** Travelers's Motion for a New Trial and Alternate Motion to Alter or Amend Judgment (ECF No. 315).

**SO ORDERED** this **8th day** of **December, 2014**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**